UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH L. NASH, | |
| Plaintiff, | |
| v. | No. C09-5178RBL |
| ELDON VAIL, *et al*. | ORDER |
| Defendants. | |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff submitted his Complaint on March 26, 2009, along with an application to proceed *in forma pauperis*, which has been granted.

Plaintiff is suing prison officials and employees based on acts occurring over an approximate two-year period -- May 2007 through March 2009. Plaintiff was released from prison in November 2007. After release, Plaintiff violated his conditions of his release and in February of 2009, Plaintiff's probation officers imposed certain additional conditions for his continued release.

Having reviewed the record, the undersigned finds and orders as follows:

ORDER - 1

Generally, when a complaint is filed by a prison inmate and IFP is granted, the court will direct the U.S. Marshal to serve summonses and copies of the Complaint. In this case, because of the deficiencies in the Complaint, the court will not serve the summonses and Complaint on defendants. Plaintiff must either file an Amended Complaint curing the deficiencies or file a brief showing why the claims are not deficient by **June 4, 2009**, otherwise the court will recommend dismissal of this matter as frivolous.

In his Complaint Plaintiff names the following ten individuals as defendants: Eldon Vail, Karen Daniels, Armando Mendoza, Robert Story, Brian Agar, Devon Schrum, Mr. Timothy, Gelinda Amell, Rick Robinson, and Anthony Shaver. Plaintiff states that the Complaint is being brought to allege U.S. Constitutional violations pursuant to 42 U.S.C. § 1983. Without providing any further legal basis or legal authority for his claims, Plaintiff asserts the following seven causes of action: (i) denial of equal protection, (ii) denial of "substantial" due process, (iii) discrimination, (iv) conspiracy, (v) infringement, (vi) harassment, and (vii) cruel and unusual punishment.

Plaintiff alleges forty-six (46) paragraphs of "facts" to support his Complaint. In support of each asserted cause of action, Plaintiff has simply copied and pasted certain of the alleged facts that allegedly support each cause of action. For instance, to support his eighth cause of action (cruel and unusual punishment), Plaintiff has simply copied factual allegations numbered five, ten, thirteen, twenty-one, and twenty-three.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

ORDER - 2

Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983.  Baker v. McCollan, 443 U.S. 137, 140 (1979).

A complaint is frivolous when it has no arguable basis in law or fact.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

Plaintiff's complaint contains claims that do not appear to be federal civil rights or U.S. Constitutional violations.  For instance, Plaintiff claims conspiracy as his fourth cause of action, infringement as his fifth cause of action, and harassment as his sixth cause of action.  Conspiracy and infringement do not provide a basis for a federal or constitutional cause of action.  The court cannot discern the federal or constitutional basis for these claims.  The factual allegations made in support of any of these three causes of action are not specific enough to identify a cognizable claim.  Furthermore, verbal harassment or abuse is insufficient to form the basis of a constitutional deprivation.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  In reviewing each of Plaintiff's causes of action, giving the benefit of every doubt to Plaintiff, the court cannot discern a federal or constitutional violation.

Plaintiff shall either amend his pleadings to clearly show what federal or constitutional civil right is being violated, otherwise the court should dismiss these claims.

ORDER - 3

Additionally, Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982).

Of the ten defendants named in his Complaint, most of them appear to have been named based on their supervisory role or capacity. For example, Eldon Vail is the Secretary of the Washington State Department of Corrections and Karen Daniels is Assistant Secretary of the Washington State Department of Corrections. Mr. Vail is named in three of the seven causes of action in factual allegations twenty-eight and thirty-five. Ms. Daniels is named only in Plaintiff's fourth cause of action (conspiracy). The factual allegations pertaining to Mr. Vail and Ms. Daniels state:

> 28. On November 14th, 2008 I provided defendant Eldon Vail and this court with a copy of my "meet to confer" requirement in order to resolve issues which I believe that my constitutional rights were being violated by defendants Gelinda Amell and Rick Robinson and I did not receive any response from defendant Eldon Vail.
>
> 35. On February 2nd, 2009 defendants Eldon Vail and Karen Daniels were (DOC) secretary and assistant secretary when plaintiff provided prior notification regarding (RMA) offenders that needed available relief through (DOC) funding for housing and living arrangements in which both individuals failed to correct or provide relief in order to prevent another (RMA) offender from murdering a local Clark County female because the offender was a (RMA) homeless offender like the plaintiff.

Similarly, Defendants Mendoza, Agar, Schrum, Story, and Mr. Timothy all appear to be named without the requisite personal participation and/or in their supervisory roles.

ORDER - 4

In order to survive summary dismissal by the court, Plaintiff must amend his pleadings to show how each defendant personally participated in a cognizable claim based on a violation of his federal civil rights or the U.S. Constitution.

5. The court now **ORDERS P**laintiff to either file an Amended Complaint curing the deficiencies or file a brief showing why the claims are not deficient by **June 4, 2009**, otherwise the court will recommend dismissal of this matter in its entirety as frivolous.

DATED this 6th day of May, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER - 5