UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH L. NASH AND JAMAR HURSE,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>RICK ROBINSON, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 09-5178RBL/JRC<br><br>REPORT AND RECOMMENDATION TO DENY CLASS CERTIFICATION<br><br>NOTED FOR:<br>February 26, 2010 |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiffs' motion for class certification and appointment of counsel (Dkt. # 19). The motion for appointment of counsel has been denied by separate order. This Report and Recommendation addresses the motion for class certification.

REPORT AND RECOMMENDATION - 1

## FACTUAL BACKGROUND

Plaintiffs challenge their level III sex offender classification claiming that they were not provided a hearing or the ability to contest their classification. They also challenge numerous policies regarding where they can go while on community supervision, and the fact that they did not receive certain funds for transportation, food, clothing, and housing. In addition, plaintiff Nash also challenges a probation hearing and alleges a denial of due process at that hearing. Plaintiffs allege that the denial of funds is racially motivated. Plaintiffs request injunctive relief, including release from community supervision. They also ask for nominal damages (Dkt. # 11, Amended Complaint).

## DISCUSSION

The prerequisites for a certification of a class are set forth in Fed. R. Civ. P. 23. Under section (a), a member of the class may sue on behalf of the class only if: (1) the class is so numerous that joinder is impractical, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative are typical of the class, and (4) the representative will fairly and adequately represent the class. Fed. R. Civ. P. 23 (a).

Plaintiffs have not made any of these showings. In fact, plaintiffs have not adequately defined the class they are trying to have certified. Further, the complaint raises many claims specific to Mr. Nash, and not the class. For example, his claim regarding being denied witnesses at a parole hearing is not one allegedly shared by other class members. The only common claim appears to be the allegation that funds are being denied black level III sex offenders based on their race. This, by itself, is not sufficient to meet the requirements of Fed. R. Civ. P. 23(a). The motion for class certification should be **DENIED.**

/

REPORT AND RECOMMENDATION - 2

## CONCLUSION

The court should **DENY** the motion for class certification. Plaintiffs have not shown the proposed class is numerous or that a class action is warranted. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **February 26, 2010**, as noted in the caption.

DATED this 1st day of February, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3